UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

CHAYA WERFEL, et al.,

    Appellants

v.

PALESTINE LIBERATION ORGANIZATION, et al.,

    Appellees

-------------------------------------------

UNITED STATES OF AMERICA,

    Intervenor-Appellant.

Case Nos. 23-1286, 23-1335

**<u>Defendants' Reply In Support of Their<br>Motion for Leave to File a Supplemental Brief</u>**

    This Court should grant Defendants leave to file their supplemental brief, which responds to the specific portions of the dissent from the denial of rehearing *en banc* in *Fuld* and *Waldman* that were discussed for the first time (and cited nearly a dozen times) by Plaintiffs and the Government in their reply briefs.  *See* Defs. Supp. Br. (June 14, 2024).  The Government has not opposed leave to file.  Plaintiffs oppose, but do not dispute Tenth Circuit authority allowing supplemental briefing to respond to new arguments in a reply, and do not cite authority allowing a rejoinder to a supplemental brief.  To the extent this Court accepts Plaintiffs' proposed

1

rejoinder brief (Pls. Supp. Br., June 24, 2024), Defendants request that the Court also treat this reply as their response to that rejoinder.

1.  Defendants should be granted leave to file their supplemental brief to respond to Appellants' heavy reliance on the *Fuld/Waldman* dissent from denial of rehearing *en banc*, which was issued one month <u>after</u> Defendants filed their principal brief in this appeal. Defendants' brief thus could not have addressed that dissent. Nor could Defendants' Rule 28(j) letter anticipate (*contra* Pls. Mot. at 1) that Appellants would rely heavily on that dissent in their reply briefs, because a dissent from the denial of rehearing "lacks precedential value." *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1270 (10th Cir. 2002); *see also Sandberg v. Englewood, Colorado*, 727 F. App'x 950, 962 (10th Cir. 2018) ("a dissent from a denial of certiorari is not binding authority"). Defendants also could not "know" (*contra* Pls. Mot. at 1) that Plaintiffs would inaccurately represent that the dissent—which failed to garner enough support to rehear the case, let alone to reverse—reflected the views of "the clear <u>majority</u> of federal appellate judges to consider the issue."[1] Pls. Reply at 3. Accordingly, under Tenth Circuit case law, Defendants properly sought to address the dissent after Appellants relied on it extensively in

---

[1] Likewise, there is no merit to Plaintiffs' claim (Pls. Mot. at 1) that Defendants did not mention the dissent in their Rule 28(j) letter. Defendants' letter expressly referenced the dissent. *See* FRAP 28(j) Letter (May 24, 2024) (noting the filing of a concurring opinion "addressing a dissent").

their reply briefs and Plaintiffs used it to make brand-new factual claims. *See* Defs. Mot. at 3.

    2.    In their response to Defendants' motion for leave, Plaintiffs once again seek to raise a host of new factual issues that have no bearing on the legal issue before this Court. The issue of whether "consent" jurisdiction under the PSJVTA satisfies due process is fundamentally a legal one under the framework of *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 704-09 (1982). Specifically, that question is whether Defendants' activities could "support[] a jurisdictional finding" as necessary for a presumption of consent under *Bauxites*. *See* Defs. Br. at 9, 22-26, 28-49; Defs. Supp. Br. at 11. Here, <u>none</u> of the activities Plaintiffs allege could support a jurisdictional finding or presumption that Defendants knowingly and voluntarily submitted to jurisdiction in the forum.

    3.    Further, in analyzing that question, the Court is not bound by Plaintiffs' allegations because Defendants produced substantial jurisdictional discovery in this case. *Envirotech Pumpsystems, Inc. v. Sterling Fluid Sys. (Schweiz) AG*, No. 2:99-814K, 2000 WL 35459756, at *2 (D. Utah Nov. 16, 2000) ("after discovery, a plaintiff's prima facie showing 'must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant'"); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (the standard for a plaintiff is higher after jurisdictional discovery). That jurisdictional discovery

included <u>five</u> depositions on the PSJVTA's U.S.-activities predicate. In the court below, Plaintiffs acknowledged that "extremely voluminous" jurisdictional discovery but did not grapple with what it established, instead taking the position that the "massive volume" of materials "are not now and likely <u>never will be relevant or necessary</u> to determining jurisdiction under the PSJVTA." A-0152 (emphasis added). If anything, Plaintiffs' position that these jurisdictional facts are not "relevant" confirms that the due process issue before this Court is purely a legal one.

    4.    Even now, Plaintiffs' discussion of the activities of Palestine's UN Mission are just statements of law (*e.g.*, Pls. Supp. Br. at 4 (alleging "activities were 'unrelated to the official business of the United Nations'")) or conclusory allegations (*id.* at 5 (alleging unspecified "[d]eposition transcripts and documents" showing "extensive propaganda, public relations, lobbying, and social media activities")).[2] Such allegations are insufficient to establish personal jurisdiction even without the higher standard that applies after jurisdictional discovery. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) ("only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true"). Moreover, contrary to Plaintiffs' latest argument, Defendants did, in fact, "contest Plaintiffs' <u>conclusory allegations</u> regarding their 'U.S. activities'" before

---

[2] Nor are there any disputed facts about the activities of Palestine's UN Mission, which are a matter of public record. Plaintiffs have never identified which of the UN Mission's speeches or social media posts they refer to in the complaint.

4

the district court and on appeal. A-0098-99 (emphasis added); Defs. Br. at 11, 17-19, 34-40 (contesting allegations about "Palestine's UN Mission" and "alleged 'propaganda'").

5. Plaintiffs also seek to use their new "supplemental brief" to once again raise new, uncorroborated claims about the PA's purported ability to operate in the United States. Plaintiffs failed to raise this argument below, so any such argument is therefore waived. In any event, Plaintiffs rely on decades-old authority that does not support their assertion that the PA is allowed to and does operate in the United States following the PSJVTA's effective date. *See Ungar v. Palestinian Auth.*, 325 F. Supp. 2d 15 (D.R.I. 2004).[3] Even so, Plaintiffs' assertion is rebutted by the Government, which correctly acknowledges that the United States has "long imposed restrictions on [Defendants'] operations and activities in the United States," which continue to "generally prohibit[] the PA and PLO from engaging in a range of activities" here. Gov't Reply at 10-11. Nothing in the PSJVTA purports to remove those restrictions or permits Defendants to engage in otherwise-prohibited activities within the United States.[4]

---

[3] Similarly, *Knox v. PLO*, 306 F. Supp. 2d 424 (S.D.N.Y. 2004), which Plaintiffs also cite, has little to say about the PLO's old domestic governmental functions. *Contra* Pls. Supp. Br. at 6.

[4] Nor is Anti-Terrorism Act of 1987 the only law barring the PA's presence in the United States. *See, e.g., Palestinian Anti-Terrorism Act of 2006*, § 7(a), Pub. L. No. 109-446, 120 Stat 3318 (it is "unlawful to establish or maintain an office [or]

5

## Conclusion

For the reasons set forth above, Defendants respectfully request that the Court grant their motion for leave to file a supplemental brief in this appeal.

| | |
|---|---|
| Date:  July 1, 2024 | /s/ Gassan A. Baloul<br>Gassan A. Baloul<br>Mitchell R. Berger<br>Amy Brown Doolittle<br>SQUIRE PATTON BOGGS (US) LLP<br>2550 M Street, N.W.<br>Washington, D.C. 20037<br>Telephone: (202) 457-6000<br>gassan.baloul@squirepb.com<br>mitchell.berger@squirepb.com<br>amy.doolittle@squirepb.com<br><br>Joseph S. Alonzo<br>SQUIRE PATTON BOGGS (US) LLP<br>1211 Avenue of the Americas<br>26th Floor<br>New York, N.Y. 10036<br>Telephone: (212) 872-9831<br>joseph.alonzo@squirepb.com |

---

headquarters … within the jurisdiction of the United States at the behest or direction of, or with funds provided by, the Palestinian Authority").

**Certificate of Compliance With Type-Volume Limit,  
Typeface Requirements, and Type Style Requirements**

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because:

[x ] this document contains 1,165 words, or

[ ] this brief uses a monospaced typeface and contains <state the number of> lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ x] this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 pt Times New Roman font, or

[ ] this document has been prepared in a monospaced typeface using <state name and version of word processing program> with <state number of characters per inch and name of type style>.

Date: July 1, 2024

                                         /s/ Gassan A. Baloul  
                                         Gassan A. Baloul

## CERTIFICATE OF SERVICE

I hereby certify that, on July 1, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Date:  July 1, 2024

/s/ Gassan A. Baloul
Gassan A. Baloul

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made per 10th Cir. R. 25.5;

(2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Carbon Black Cloud, version 4.0.0.1292, which is updated daily as a matter of course, and according to the program is free of viruses.

<i>/s/ Gassan A. Baloul</i><br>
Gassan A. Baloul