# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | 23-1335 |
|---|---|
| Case Name | Werfel, et al. v. Palestine Liberation Org., et al. |
| Party or Parties Filing Notice of Appeal Or Petition | United States of America |
| Appellee(s) or Respondent(s) | Palestine Liberation Organization, Palestinian Authority, Riyad Mansour. |
| List all prior or related appeals in this court with appropriate citation(s). | Werfel, et al. v. Palestine Liberation Org., et al., No. 23-1286 (10th Cir.) |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A.     APPEAL FROM DISTRICT COURT**

        **1.**  Date final judgment or order to be reviewed was **entered** on the district court docket: 8/23/2023

        **2.**  Date notice of appeal was **filed**: 10/20/2023

        **3.**  State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority):
60 days, Fed. R. App. P. 4(a)(1)(B)(i)

            **a.**  Was the United States or an officer or an agency of the United States a party below? Yes

            **b.**  Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: N/A

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   N/A

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   N/A

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   N/A

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? N/A

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? N/A

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   N/A

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th

      Cir. 2010) (discussing protective or conditional cross appeals).  N/A

**B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

 **1.** Date of the order to be reviewed: _____

 **2.** Date petition for review was filed: _____

 **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

 **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.** **APPEAL OF TAX COURT DECISION**

 **1.** Date of entry of decision appealed: _____

 **2.** Date notice of appeal was filed: _____

 (If notice was filed by mail, attach proof of postmark.)

 **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

 **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    A. Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

    B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    C. Describe the sentence imposed. _____
_____

    D. Was the sentence imposed after a plea of guilty? _____

    E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? _____

    F. Is the defendant on probation or at liberty pending appeal? _____

    G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

    **NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

**III.   GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

In the Promoting Security and Justice for Victims of Terrorism Act of 2019 (PSJVTA), Congress specified that the Palestinian Authority, the Palestine Liberation Organization, or their successors or affiliates would be "deemed [to] consent" to personal jurisdiction in a lawsuit under the Anti-Terrorism Act of 1992 (ATA) if, following the enactment of the PSJVTA, they made payments to the families or representatives of persons who committed terrorist acts that injured or killed a U.S. national, or engaged in certain activities in the United States.

Plaintiffs in the underlying case include the estates of U.S. citizens alleged to have been killed in a terrorist attack. Plaintiffs sued defendants under the ATA and supplemental causes of action. Among plaintiffs' asserted bases for personal jurisdiction was the PSJVTA. In moving to dismiss, defendants argued that exercising jurisdiction over them would violate due process and that the PSJVTA is unconstitutional. The United States intervened to defend the PSJVTA's constitutionality. The district court granted defendants' motion to dismiss, concluding the PSJVTA is unconstitutional.

**IV.   IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Whether the PSJVTA comports with the Fifth Amendment's Due Process Clause

**V.  ATTORNEY FILING DOCKETING STATEMENT:**

Name: Courtney L. Dixon   Telephone: 202-353-8189

Firm: U.S. Department of Justice, Civil Division, Appellate Staff

Email Address: courtney.l.dixon@usdoj.gov

Address: 950 Pennsylvania Avenue, Washington, DC 20530

/s/ Courtney L. Dixon                          11/7/2023

Signature                                               Date

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*s/ Courtney L. Dixon*
Courtney L. Dixon