Nos. 23-1286, 23-1335

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

CHAYA WERFEL, et al.,
Plaintiffs/Appellants

v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,
Defendants/Appellees

---------------------

UNITED STATES OF AMERICA,
Intervenor.

---

CHAYA WERFEL, et al.,
Plaintiffs,

v.

THE PALESTINE LIBERATION ORGANIZATION, et al.,
Defendants/Appellees

---------------------

UNITED STATES OF AMERICA,
Intervenor/Appellant.

---

On Appeal from the United States District Court
for the District of Colorado
The Honorable Gordon P. Gallagher
D.C No. 21-cv-03043-GPG-STV

---

## BRIEF OF APPELLANTS CHAYA WERFEL, ET AL.
## IN REPLY TO THE SUPPLEMENTAL BRIEF OF APPELLEES

---

Daniel K. Calisher
Michael A. Rollin
Chip G. Schoneberger
FOSTER GRAHAM MILSTEIN
& CALISHER LLP
360 S. Garfield Street, 6th Floor
Denver, CO 80209
Telephone: (303) 333-9810
Emails: calisher@fostergraham.com
mrollin@fostergraham.com
cschoneberger@fostergraham.com

Asher Perlin
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: (786) 687-0404
Email: asher@asherperlin.com

*ORAL ARGUMENT REQUESTED*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT .............................................................................................................1

    I.   Defendants Misrepresent the *Fuld* Dissent's Nexus Requirement ..............1

    II.  Defendants Misstate Plaintiffs' Enhanced Nexus Argument ......................2

    III. Defendants' New and Untimely U.S.-Activities Arguments
        Are Meritless ................................................................................................3

    IV. The Untimely Claims Regarding the PA's Alleged UN Status
        Are Baseless .................................................................................................7

CONCLUSION ........................................................................................................ 9

CERTIFICATE OF SERVICE ............................................................................. 11

## **TABLE OF AUTHORITIES**

**Cases**                                                                                              **Page**

*Fuld v. Palestine Liberation Org.*,
　101 F.4th 190 (2d Cir. 2024) ............................................................. 1, 2, 3, 4, 5, 7

*Knox v. Palestine Liberation Org.*,
　306 F. Supp. 2d 424 (S.D.N.Y. 2004) ............................................................... 6

*Mallory v. Norfolk S. Ry. Co.*,
　600 U.S. 122 (2023) ........................................................................................ 1

*Ungar v. Palestinian Authority*,
　325 F. Supp. 2d 15 (D.R.I. 2004) ..................................................................... 6

*Wenz v. Memery Crystal*,
　55 F.3d 1503 (10th Cir. 1995) ...................................................................... 4, 5

**Statutes**

18 U.S.C. § 2334(e)(1) ........................................................................................ 2

18 U.S.C. § 2334(e)(3)(A)-(B) ............................................................................ 7

22 U.S.C. § 5201(b) ............................................................................................ 6

22 U.S.C. § 5202 ................................................................................................. 6

4893-1513-3386, v. 1

# ARGUMENT

Plaintiffs respectfully submit this Brief to reply to several arguments raised for the first time in Defendants' Supplemental Brief.

Plaintiffs also dispute all arguments presented in the Defendants' Supplemental Brief that are not specifically addressed below. However, because the arguments not addressed herein have already been discussed in Plaintiffs' opening and reply briefs, they do not merit or require any further attention here.

## I. Defendants Misrepresent the *Fuld* Dissent's Nexus Requirement

The dissent in *Fuld* explained that consent statutes such as the PSJVTA are constitutional if the conduct that triggers personal jurisdiction has a "nexus" to the United States. Absent such a nexus, imposing jurisdiction would be "unfair." *Fuld v. Palestine Liberation Org.*, 101 F.4th 190, 211 (2d Cir. 2024) (citing *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 141 (2023)).

Defendants dismiss the nexus requirement as "undefined," presumably meaning impermissibly ambiguous or amorphous. (Supp. Br. at 5-6).

But the *Fuld* dissent identified and very clearly defined the specific "nexus" to the United States that makes exercise of jurisdiction under the PSJVTA fair, and so constitutional. "There is a <u>nexus to the forum because the payments compensated terrorists for attacks that killed or injured American nationals</u>. It is not 'unfair' for Congress to require a foreign entity to consent to the jurisdiction of the federal courts

1

when the entity compensated terrorists who killed Americans with the knowledge that such compensation would be considered consent to jurisdiction." (*Id*. at 212-13) (cleaned up, emphasis added).

This nexus is especially fair since jurisdiction under the PSJVTA is restricted to civil actions for terrorism under ATA § 2333. (*See* 18 U.S.C. § 2334(e)(1)).

Defendants do not even attempt to explain, because they cannot, why the specific nexus underlying the PSJVTA is constitutionally insufficient or unfair.

## II. Defendants Misstate Plaintiffs' Enhanced Nexus Argument

Plaintiffs asserted that the nexus to the United States found constitutionally sufficient by the *Fuld* dissent, *i.e.*, Defendants' payments for terrorist attacks in which U.S. citizens were killed, is enhanced in this case because Defendants made payments for the specific attack from which this action arises. (Reply Br. at 15-16).

Defendants' Supplemental Brief purports to respond to Plaintiffs' enhanced nexus argument. (Supp. Br. at 6, n2.). But instead of trying to rebut the actual substance of Plaintiffs' enhanced nexus argument, Defendants completely misstate it. Defendants claim that Plaintiffs' enhanced nexus argument is "Orwellian" because the conduct at issue (*i.e.*, Defendants' payments to terrorists who harmed Americans) does not give rise to personal jurisdiction. (*Id*.).

This conclusory sentence, which is Defendants' sole response to Plaintiffs' enhanced nexus argument, is no response at all. Plaintiffs did not claim that an

enhanced nexus exists here because Defendants' payments for the underlying attack in this case satisfy the usual tests for general or specific personal jurisdiction.

Rather, Plaintiffs asserted the *Fuld* dissent's holding that payments for attacks in which <u>any</u> U.S. citizen is killed or injured create a fair and adequate nexus, applies *a fortiori* here, since Defendants are paying rewards to the beneficiaries of the <u>specific perpetrators</u> who harmed Plaintiffs and murdered their decedents. Thus, the Court can uphold the PSJVTA here without addressing whether the nexus would be sufficient in cases where Defendants made no payments for the underlying attack.

Defendants have completely failed to address – and so conceded – Plaintiffs' assertion that there is an <u>enhanced nexus</u> in this case.

## III. Defendants' New and Untimely U.S.-Activities Arguments Are Meritless

In an improper attempt to get the last word in this appeal, Defendants exploit their Supplemental Brief to make several new and meritless arguments regarding issues unrelated to the *Fuld* decision.

Thus, Defendants complain that Plaintiffs argued for the first time in their Reply that Defendants are not barred from operating in the United States. (Supp. Br. at 7). But Plaintiffs were replying to Defendants' claim (in support of their argument they receive no benefit by operating in the U.S.) that their activities are banned. It was not Plaintiffs' burden to <u>disprove</u> in their opening brief Defendants' claim that

3

their activities are barred, which is part of Defendants' constitutional defense to the PSJVTA and was never addressed by the court below.

Defendants next claim the only U.S. activities by Defendants alleged by Plaintiffs are the activities of the PLO's UN Mission. (*Id*.). This is entirely false. The operative complaint specified various activities by Defendants in the United States facially unrelated to UN activities (official or otherwise) and also explicitly alleged these activities were "unrelated to the official business of the United Nations." (CJA Vol. I, p. 32 at ¶ 25). Defendants disputed none of these facts in their motion to dismiss the complaint, and merely stated in an ipse dixit footnote that all their activities are within the PSJVTA's official UN-activities exception. (CJA Vol. I, pp. 98-99 at n.7). This bald claim does not meet Defendants' burden to rebut Plaintiffs' jurisdictional allegations. "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (cleaned up).

Additionally, Defendants now assert for the first time that Plaintiffs' allegations regarding Defendants' post-PSJVTA U.S. activities are "conclusory." (Supp. Br. at 10-11). Defendants made no such claim in their motion to dismiss below or in Appellees' Brief on this appeal, and they cannot remedy that failure in a Supplemental Brief the putative purpose of which is to discuss the *Fuld* decision.

Furthermore, this claim is baseless. Plaintiffs alleged, on the basis of "[d]eposition transcripts and documents produced to the plaintiffs by defendants PLO and PA, and/or that are publicly available" that Defendants' post-PSJVTA activities in the U.S. included "extensive propaganda, public relations, lobbying, and social media activities." (CJA Vol. I, p. 32 at ¶ 25).

If Defendants considered these jurisdictional allegations (based inter alia on documents <u>they</u> provided to Plaintiffs) insufficient, they should have said so in their motion to dismiss. (*Wenz*, 55 F.3d at 1505). Had they done so Plaintiffs would have submitted, with their opposition to the motion to dismiss, the documentary record underlying these allegations. But Defendants failed to factually challenge the jurisdictional allegations (because they cannot), and instead urged the court below to rule on constitutional grounds. (CJA Vol. I, pp. 92-93 at n.4).

Another new argument unrelated to *Fuld* raised by Defendants for the first time in their Supplemental Brief is that because the PA lacks the capacity to conduct foreign relations, it necessarily cannot have conducted any U.S.-based activities. (*Id*. at 9). This argument was already raised by these Defendants and properly rejected by another federal court. "The short answer to this argument is that while the PA is prohibited from conducting 'foreign relations,' … there is nothing in the Oslo Accords … which prohibits the PA from conducting other non-diplomatic activities (such as commercial, public relations, lobbying, or educational activities) through

its representatives, officers and agents abroad[.]" *Ungar v. Palestinian Authority*, 325 F. Supp. 2d 15, 54 (D.R.I. 2004) (cleaned up).

Defendants also claim for the first time that the PA is the "successor" of the PLO within the meaning of 22 U.S.C. §§ 5201(b), 5202. (Supp. Br. at 8). This untimely argument is meritless. The term "successor" is defined by the Merriam-Webster dictionary as "one that follows."[1] But the PLO and PA <u>co-exist as separate entities</u> with different organizational structures and capacities, and the PLO <u>never had</u> the PA's governmental powers. *See Knox v. Palestine Liberation Org.*, 306 F. Supp. 2d 424, 431-38 (S.D.N.Y. 2004). Thus, the PA is not the PLO's "successor."

Finally, Defendants claim Plaintiffs' assertion that Defendants are not barred from all activities in the U.S. rebuts Plaintiffs' argument that Defendants' U.S. propaganda campaign in the years prior to the 2014 terror attack in this case fulfilled the ATA's influence/intimidation/coercion element. (Supp. Br. at 7, n.5). This claim is baseless. Saying Defendants are not <u>barred a priori</u> from conducting activities in the U.S. does not mean the activities they actually conduct are all lawful. Moreover, the ATA does not require that the influence, intimidation or coercion themselves be unlawful. Plaintiffs alleged Defendants' involvement in terrorist violence satisfies the ATA's criminality element. (CJA Vol. I, p.63 at ¶ 181). The legality, vel non, of

---

[1]     www.merriam-webster.com/dictionary/successor?src=search-dict-box.

their propaganda campaign, standing alone, is irrelevant both to the jurisdictional analysis and the merits of the ATA claim.<sup>2</sup>

## IV. The Untimely Claims Regarding the PA's Alleged UN Status Are Baseless

In the operative complaint, Plaintiffs expressly alleged the PA has no official or legal status at the UN, and therefore the PA's U.S.-based activities are not and as a matter of law cannot be subject to the PSJVTA's exception for official UN business.<sup>3</sup> (CJA Vol. I, p.32 at ¶ 26). Defendants <u>did not dispute</u> or even address this allegation in their motion to dismiss. In their Brief of Appellees, Defendants argued that all their U.S.-based activities are covered by the official UN business exception. (Appellees' Br., pp. 39-40, n.13). Plaintiffs replied (inter alia) that Defendants have never disputed the complaint's allegation that the PA has no status whatsoever at the UN and so cannot benefit from the official UN business exception. (Reply Br. at 8).

Now, Defendants seek to exploit their Supplemental Brief to raise untimely new claims regarding the PA's lack of any status at the UN.

First, Defendants claim Plaintiffs' assertion that the PA cannot be covered by the official UN business exception since it lacks any UN status is a "new argument."

---

<sup>2</sup>   Defendants' entire argument on this point has nothing to do with *Fuld* or even the PSJVTA. The legality of Defendants' post-PSJVTA activities is irrelevant to their U.S. activities prior to the 2014 attack. Those pre-2014 activities are relevant to Plaintiffs' <u>specific jurisdiction</u> argument, not the PSJVTA.

<sup>3</sup>   18 U.S.C. § 2334(e)(3)(A)-(B) (exempting conduct "<u>exclusively</u> for the purpose of conducting <u>official</u> business of the United Nations[.]" (emphasis added).

7

(Supp. Brief at 9). This is plainly untrue. As just discussed, this allegation was included in Plaintiffs' complaint, and was never disputed by Defendants.

Defendants then argue that "it is the United Nations (and not Plaintiffs or the Government) that designates UN 'invitees' under the UNHQA. And the UN has recognized the State of Palestine as a non-member observer state 'invitee' since 2012." (Supp. Br. at 9-10, emphasis in the original) (cleaned up). This argument is highly misleading. It implies, incorrectly, that the UN's recognition of the "State of Palestine" as a "non-member observer state 'invitee'" included the PA and/or granted the PA some legal status at the UN.

But the facts are as follows:

In 1974 the UN invited the PLO to participate in certain UN activities as an observer.[4] In 1988 the UN decided that the name "Palestine" should be used in place of the name "Palestine Liberation Organization" in the UN system, "without prejudice to the observer status and functions of the Palestine Liberation Organization within the United Nations system."[5]

Thus, the UN uses "Palestine" as a synonym for "PLO." Since the PA did not exist in 1988, it is clearly not included in the term "Palestine."

---

[4]   UN Resolution 3237 (XXIX) (22 Nov. 1974) https://bit.ly/3RB1X6C.

[5]   UN Resolution 43/177 (15 Dec. 1988) https://bit.ly/4cd0EDe.

4893-1513-3386, v. 1

In 2012 the UN granted "Palestine" – which by UN definition means the PLO – non-member "observer State" status.[6] The term "State of Palestine" in UN usage therefore refers to the PLO. Indeed, that 2012 resolution stated that "<u>the Executive Committee of the Palestine Liberation Organization</u> … is entrusted with the powers and responsibilities of the Provisional Government of the State of Palestine." *Id*. (emphasis added). The PLO's Executive Committee was assigned this role by "the Palestine National Council" (*id*.), which the PLO confirms is "the highest decision-making body of the PLO[.]"[7]

Defendants' implicit claim that the UN has granted the PA some official or legal status (as an invitee or otherwise) is thus meritless. If there was any decision granting such status Defendants would cite it. They cannot, because there is none.[8]

## CONCLUSION

This Court should vacate the district court's decision and remand the case for further proceedings.

---

[6]   Resolution 67/19 (29 Nov. 2012) https://bit.ly/3KQm3Ge.

[7]   "Structure of the Palestine Liberation Organization," Embassy of Palestine, https://bit.ly/3KSJC17.

[8]   Notably, Defendants avoid any <u>explicit</u> claim that the PA has some UN status. And they frame their argument as to the effect of any UN status as a <u>hypothetical</u>. (*See* Supp. Br. at 10: "<u>To the extent</u> that the State of Palestine as UN invitee includes both the PLO and the PA…").

9

<table>
<tr><td>

By: *s/ Chip G. Schoneberger*
Chip G. Schoneberger
Daniel K. Calisher
Michael A. Rollin
FOSTER GRAHAM MILSTEIN &
CALISHER, LLP
360 South Garfield Street, 6th Floor
Denver, CO 80209
Telephone:  (303) 333-9810
cschoneberger@fostergraham.com
calisher@fostergraham.com
mrollin@fostergraham.com
*Counsel for Plaintiffs-Appellants*

</td><td>

By: *s/ Asher Perlin*
Asher Perlin, Esq.
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
Telephone: (786) 687-0404
asher@asherperlin.com
*Counsel for Plaintiffs-Appellants*

</td></tr>
</table>

# CERTIFICATE OF SERVICE

    I, Chip G. Schoneberger, attorney for appellants, hereby certify that on June 24, 2024, I served a copy of the foregoing **BRIEF OF APPELLANTS CHAYA WERFEL, ET AL. IN REPLY TO THE SUPPLEMENTAL BRIEF OF APPELLEES**, to counsel for appellees and counsel for Intervenor United States of America, via the court's electronic-filing CM/ECF system.

Date: June 24, 2024

                                *s/ Chip G. Schoneberger*
                                Chip G. Schoneberger
                                360 S. Garfield Street, 6th Floor
                                Denver, Colorado 80209
                                303-333-9810
                                cschoneberger@fostergraham.com

                                *Attorney for Appellants Chaya Werfel, et al.*